# EXHIBIT A

# ALABAMA SJIS CASE DETAIL

**PREPARED FOR: XAN INGRAM**

 alacourt.com

County: **04**     Case Number: **CV-2022-900143.00**     Court Action:

Style: **KAREEM HOWARD ET AL V. HOMEWOOD MOTORCYCLES, INC. ET AL**

**Real Time**

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 9/15/2022 | 3:11 PM | ECOMP | COMPLAINT E-FILED. | YOU059 |
| 9/15/2022 | 3:12 PM | FILE | FILED THIS DATE: 09/15/2022          (AV01) | AJA |
| 9/15/2022 | 3:12 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 9/15/2022 | 3:12 PM | ASSJ | ASSIGNED TO JUDGE: BILL W. LEWIS          (AV01) | AJA |
| 9/15/2022 | 3:12 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 9/15/2022 | 3:12 PM | TDMN | BENCH/NON-JURY TRIAL REQUESTED          (AV01) | AJA |
| 9/15/2022 | 3:12 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 9/15/2022 | 3:12 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 9/15/2022 | 3:12 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/15/2022 | 3:12 PM | C001 | LISTED AS ATTORNEY FOR C001: YOUSE CARSHALA TEREE | AJA |
| 9/15/2022 | 3:12 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/15/2022 | 3:12 PM | C001 | LISTED AS ATTORNEY FOR C001: RIDDLE ROBERT EDWIN | AJA |
| 9/15/2022 | 3:12 PM | C001 | C001 PARTY ADDED: HOWARD KAREEM          (AV02) | AJA |
| 9/15/2022 | 3:12 PM | C002 | C002 PARTY ADDED: HOWARD LAMESA          (AV02) | AJA |
| 9/15/2022 | 3:12 PM | C002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/15/2022 | 3:12 PM | C002 | C002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/15/2022 | 3:12 PM | C002 | LISTED AS ATTORNEY FOR C002: RIDDLE ROBERT EDWIN | AJA |
| 9/15/2022 | 3:12 PM | C002 | LISTED AS ATTORNEY FOR C002: YOUSE CARSHALA TEREE | AJA |
| 9/15/2022 | 3:12 PM | D001 | D001 PARTY ADDED: HOMEWOOD MOTORCYCLES, INC.(AV02) | AJA |
| 9/15/2022 | 3:12 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 9/15/2022 | 3:12 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/15/2022 | 3:12 PM | D001 | CERT MAIL-FIL ISSUED: 09/15/2022 TO D001   (AV02) | AJA |
| 9/15/2022 | 3:12 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/15/2022 | 3:12 PM | D002 | CERT MAIL-FIL ISSUED: 09/15/2022 TO D002   (AV02) | AJA |
| 9/15/2022 | 3:12 PM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 9/15/2022 | 3:12 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 9/15/2022 | 3:12 PM | D002 | D002 PARTY ADDED: BOMBARDIER RECREATIONAL PRODUCTS | AJA |
| 9/15/2022 | 3:12 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 10/27/2022 | 10:33 AM | EANSW | D001 - COMPLAINT DENIED E-FILED. | HAR276 |
| 10/27/2022 | 10:33 AM | D001 | LISTED AS ATTORNEY FOR D001: KALUPA CASSANDRA HAR | AJA |
| 10/27/2022 | 10:33 AM | D001 | ANSWER OF COMP DENIED ON 10/27/2022 FOR D001(AV02) | AJA |
| 1/27/2023 | 1:55 PM | EMISC | RETURN ON SERVICE - SERVED E-FILED | YOU059 |

   ***END OF THE REPORT***

DOCUMENT 1

ELECTRONICALLY FILED
9/15/2022 3:11 PM
04-CV-2022-900143.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
DEBRA HILL, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>04<br><br>Date of Filing:<br>09/15/2022 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA**

**KAREEM HOWARD ET AL v. HOMEWOOD MOTORCYCLES, INC. ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☑ Business  ☐ Individual
                    ☐ Government  ☐ Other                              ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING      A ☐  APPEAL FROM      O ☐ OTHER
                                          DISTRICT COURT

          R ☐ REMANDED      T ☐  TRANSFERRED FROM
                                OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES  ☑ NO      **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**      ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
    YOU059                        9/15/2022 3:11:56 PM                /s/ CARSHALA TEREESE YOUSE
_____                _____                _____
                                    Date                        Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**      ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**      ☐ YES  ☑ NO

ELECTRONICALLY FILED
9/15/2022 3:11 PM
04-CV-2022-900143.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
DEBRA HILL, CLERK

KAREEM HOWARD; LAMESA             *        IN THE CIRCUIT COURT OF
HOWARD,                            *
                                   *        AUTAUGA COUNTY, ALABAMA
          Plaintiffs,              *
                                   *        CASE NO. CV-2022-
Vs.                                *
                                   *
BOMBARDIER RECREATIONAL           *        **JURY TRIAL DEMANDED**
PRODUCTS; HOMEWOOD                 *
MOTORCYCLES, INC., d/b/a           *
BIG #1 MOTORSPORTS;                *
                                   *
          Defendants.              *

<u>**COMPLAINT**</u>

**COME NOW** the Plaintiffs, and hereby file this Complaint against the Defendants for

personal injuries and damages sustained by the Plaintiffs as the result of an incident that occurred

on or about September 21, 2020, and would therefore state the following:

<u>**PARTIES**</u>

1.      Plaintiff Kareem Howard is an individual over the age of nineteen (19) and is a

citizen of Autauga County, Alabama at all times relevant to the issues present in this action.

2.      Plaintiff Lamesa Howard is an individual over the age of nineteen (19) and is a

citizen of Autauga County, Alabama at all times relevant to the issues present in this action.

Whenever the term "Plaintiff(s)" is used, said term is to refer to all Plaintiffs, unless clearly and

specifically stated otherwise.

3.      Defendant Bombardier Recreational Products, (hereinafter may be referred as

"Defendant BRP"), is a foreign corporation with its principal place of business in Coral Springs,

Florida, which, upon information and belief, is authorized to do business in the State of Alabama

and conducts business within Autauga County, Alabama.

4.      Defendant Homewood Motorcycles, Inc., d/b/a Big #1 Motorsports, (hereinafter may be referred as "Defendant Motorsports"), is a domestic corporation which is licensed to do business in the State of Alabama and does so in Autauga County, Alabama. Whenever the term "Defendant(s)" is used, said term is to refer to all defendants unless clearly and specifically stated otherwise.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the parties to this action and over the subject matter of this action because the amount in controversy exceeds the jurisdictional minimum of this Court and the incident occurred in Autauga County, Alabama.  Venue is proper in this Court pursuant to § 6-3-2 and § 6-3-7 *Code of Alabama* (1975).

## FACTS

6.      On or about September 12, 2020, the Plaintiffs purchased a new 2021 Can-Am Spyder PT LTD sold by Defendant Motorsport. Said 2021 Cam-Am was designed and manufactured by Defendant BRP. At the time of purchase, the Plaintiffs were unaware that the Cam-Am Spyder had a defect in its design.

7.       On or about September 21, 2020, merely nine (9) days after purchasing the 2021 Can-Am Spyder PT LTD, the Plaintiffs were traveling on Highway 82 North in Autauga County, Alabama and came to a complete stop to make a left turn onto Autauga County Road 47/Goldson Road. At such time, the Cam-Am Spyder spontaneously caught fire while the Plaintiffs were still on said vehicle. The Plaintiffs were able to turn off the ignition and were forced to jump off the Cam-Am Spyder in an attempt to save their lives before the vehicle was completely engulfed in flames.

8.       As a result of the combustion and the Defendants' acts/omissions, the Plaintiffs

suffered severe mental and physical injuries, to include but are not limited to sever physical ailments; bruises; physical pain and suffering; mental anguish and emotional distress; physical injury; medical expenses; may be required to undergo surgeries; loss of activity; loss of earning ability; plus internal and/or permanent injury/scarring. The Cam-Am Spyder was considered a total loss and the Plaintiffs lost additional items that were stored in the vehicle's compartments during the fire.

## COUNT I - NEGLIGENCE

9. The Plaintiffs re-allege all preceding paragraphs of the Complaint as if fully set forth herein.

10. The Defendants had a duty to properly design, manufacture and/or sell the 2021 Can-Am Spyder PT LTD in such a manner that ensures the safety from spontaneous combustions shortly after purchase.

11. The Defendants acted in a negligent manner and breached said duty by improperly designing and manufacturing the vehicle subject to this complaint and allowing such to be sold to the Plaintiffs, thereby creating and/or allowing there to be a hazardous condition.

12. In creating and/or allowing the known defective condition to exist and allowing said defective product to be sold, the Defendants:

    a. Negligently failed to exercise ordinary care;

    b. Negligently failed to cure a known defect;

    c. Negligently failed to warn the Plaintiffs of said known defect; and/or

    d. Otherwise acted in negligent disregard of the rights and safety of the Plaintiffs and other members of the general public.

13. As a result of the acts and/or omissions of the Defendants, the Plaintiffs were injured

and damaged as set forth above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against The Defendants, separately and severally, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT II - WANTONNESS

14.    The Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

15.    The Defendants had a duty to properly design, manufacture and/or sell the 2021 Can-Am Spyder PT LTD in such a manner that ensures the safety of the Plaintiffs from spontaneous combustions shortly after purchase.

16.    The Defendants acted in a reckless/wanton/willfully manner and breached said duty by improperly designing and manufacturing the vehicle subject to this complaint and allowing such to be sold to the Plaintiffs, thereby creating and/or allowing there to be a hazardous condition.

17.    In creating and/or allowing the known defective condition to exist and allowing said defective product to be sold, the Defendants:

      e.    Negligently failed to exercise ordinary care;

      f.    Negligently failed to cure a known defect;

      g.    Negligently failed to warn the Plaintiffs of said known defect; and/or

      h.    Otherwise acted in negligent disregard of the rights and safety of the Plaintiffs and other members of the general public.

18.    As a proximate consequence of the wantonness of the Defendants, the Plaintiffs were injured and damaged as set forth above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against The Defendants, separately and severally, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT III
## NEGLIGENT/WANTON HIRING, TRAINING, AND/OR SUPERVISION

19.    The Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

20. The Defendants had a duty to ensure that their employees were adequately hired, trained, and/or supervised to perform their job duties in a careful and responsible manner while in the scope of their employment with the Defendants. The Defendants are therefore responsible for all acts committed by those employees who were not adequately hired, trained, and/or supervised within the line and scope of their employment and agency.

21.    The Defendants breached that duty by allowing employees and/or agents who were not adequately hired, trained, and/or supervised to negligently and recklessly design and/or manufacture the defective 2021 Can-Am Spyder in the scope of their employment with the Defendant and allow said vehicle to be sold to the Plaintiffs. Specifically, Defendants:

        a.  Negligently and wantonly failed to exercise ordinary care;

        b.  Negligently and wantonly failed to train their employees;

        c.  Negligently and wantonly failed supervise their employees; and/or

        d.  Otherwise acted in negligent and reckless/wanton disregard of the rights and safety of the Plaintiffs and other members of the general public.

22.    The Plaintiffs aver that the acts and conduct of the Defendants constitute common law negligence and wantonness.

23.    The Defendants' negligent and wanton failure to exercise proper care and diligence to ensure that their employees would perform their job duties in a careful and responsible manner while in the scope of their employment is the actual and proximate cause of the Plaintiffs' injuries and damages described herein above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against The Defendants, separately and severally, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT IV
### *RESPONDEAT SUPERIOR*

24.    The Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

25.    On the date the Plaintiffs were injured, the Plaintiffs were the victim of negligence/wantonness on the part of the Defendants' employee(s)/agent(s) in that said employee(s)/agent(s), among other things, acted in a negligent and wanton manner by improperly designing, manufacturing and selling a defective product, thereby creating and/or allowing there to be a hazardous condition.

26.    At all times pertinent hereto, the person(s) whose negligence, wantonness, and/or willfulness which contributed to the Plaintiffs' injuries were an employee, agent, or servant of the Defendants' in which said employee(s)/agents(s) was acting within the line and scope of his/her employment, under the Defendants' control, and in furtherance of the Defendants' interest at the

time the employee's/agent's negligent, wanton, and/or willful actions/inactions contributed to the Plaintiffs' injuries.

27.    The negligent and wanton conduct of the employee(s)/agent(s) of the Defendants is the actual and proximate cause of the Plaintiffs' injuries and damages described herein above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against The Defendants, separately and severally, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

## COUNT V
## PRODUCTS LIABILITY

28.    The Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set forth herein.

29.    The Defendants were the manufacturer, supplier, distributor, and/or seller of 2021 Can-Am Spyder in question.

30.    The Defendants could have designed the 2021 Can-Am Spyder in question safer and to include a more practical alternative design; instead, said vehicle was defective in that Defendant BPR affixed certain wires to the gas tank located in the vehicle in question.

31.    There was no substantial change to the vehicle    in question from the time it left the possession of Defendant Motorsports until the time the Plaintiffs used it.

32.    The defective vehicle in question that was manufactured, designed, and sold by the Defendants is the actual and proximate cause of the Plaintiff's injuries and damages described herein above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against The Defendants, separately and severally, for general and compensatory damages as well as special

and punitive damages that the court may determine, together with interest from the date of the

injury plus the costs of this action.

**COUNT VI**
**BREACH OF IMPLIED WARRANTY**
**OF FITNESS FOR A PARTICULAR PURPOSE**

33.     The Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set

forth herein.

34.     The Defendants were the manufacturer/designer/seller of the 2021 Can-Am Spyder

in question.

35.     The Defendants had reason to know that the design/manufacture of the 2021 Can-

Am Spyder was indeed defective at the time the vehicle was sold.

36.     The 2021 Can-Am Spyder in question was not suitable or fit for the particular

purpose for which it was bought in that it was defective to the point that it spontaneously caught

fire while at a complete stop.

37.     The defective vehicle in question that was manufactured, sold, and designed by the

Defendants is the actual and proximate cause of the Plaintiffs' injuries and damages described

herein above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against the

Defendants, separately and severally, for general and compensatory damages as well as special

and punitive damages that the court may determine, together with interest from the date of the

injury plus the costs of this action.

**COUNT VII**
**BREACH OF IMPLIED**
**WARRANTY OF MERCHANTABILITY**

38.     The Plaintiffs re-allege all preceding paragraphs of this Complaint as if fully set

forth herein.

39.     Defendant Motorsports was regularly in the business of selling Can-Am Spyder vehicle on September 12, 2020. On said date, Defendant BRP was regularly in the business of manufacturing, designing, and selling Can-Am Spyder vehicles.

40.     The Defendant sold the 2021 Can-Am Spyder in question to the Plaintiffs.

41.     The 2021 Can-Am Spyder in question was not suitable or fit for the ordinary purpose for which said vehicles are used in that the product was defective and spontaneously catch fire.

42.     The defective 2021 Can-Am Spyder in question that was manufactured, sold, and installed by the Defendants is the actual and proximate cause of the Plaintiff's injuries and damages described herein above.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs demand judgment against the Defendants, separately and severally, for general and compensatory damages as well as special and punitive damages that the court may determine, together with interest from the date of the injury plus the costs of this action.

RESPECTFULLY SUBMITTED THIS THE ___ DAY OF SEPTEMBER.

**PLAINTIFFS HEREBY DEMANDS A TRIAL BY JURY**

By:     *//s// Rob Riddle*
        Rob Riddle (RID010)
        Attorney for the Plaintiffs

        *//s// Carshala Youse*
        Carshala Youse (YOU059)
        Attorney for the Plaintiffs

OF COUNSEL:
**HAWTHORNE | ATCHISON | RIDDLE**
400 South Union Street, Suite 395

Montgomery, Alabama 36104
(334) 676-3696 – Phone
(334) 676-3697 – Facsimile
rob@HARLegal.com
carshala@HARLegal.com

**PLEASE SERVE THESE DEFENDANTS BY CERTIFIED MAIL**

Homewood Motorcycles, Inc.
d/b/a Big #1 Motorsports
505 Cobb Street
Birmingham, AL 35209

Bombardier Recreational Products
210 North University Drive
Suite 501
Coral Springs, Florida 33071

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>04-CV-2022-900143.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA**
**KAREEM HOWARD ET AL V. HOMEWOOD MOTORCYCLES, INC. ET AL**

**NOTICE TO:** HOMEWOOD MOTORCYCLES, INC., D/B/A BIG #1 MOTORSPORTS 505 COBB STREET, BIRMINGHAM, AL 35209

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CARSHALA TEREESE YOUSE_____,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 119 1st Street, Prattville, AL 36067_____.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KAREEM HOWARD

pursuant to the Alabama Rules of the Civil Procedure.                                          *[Name(s)]*

| 09/15/2022 | /s/ DEBRA HILL | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ CARSHALA TEREESE YOUSE_____

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____          _____

*(Type of Process Server)*                    *(Server's Signature)*                         *(Address of Server)*

                                    _____          _____

                                    *(Server's Printed Name)*                     *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>04-CV-2022-900143.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA**
**KAREEM HOWARD ET AL V. HOMEWOOD MOTORCYCLES, INC. ET AL**

**NOTICE TO:** BOMBARDIER RECREATIONAL PRODUCTS, 210 N UNIVERSITY DRIVE STE. 501, CORAL SPRINGS, FL 33071

(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CARSHALA TEREESE YOUSE ,

[Name(s) of Attorney(s)]

WHOSE ADDRESS(ES) IS/ARE: 119 1st Street, Prattville, AL 36067 .

[Address(es) of Plaintiff(s) or Attorney(s)]

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of KAREEM HOWARD

pursuant to the Alabama Rules of the Civil Procedure.                    *[Name(s)]*

| 09/15/2022 | /s/ DEBRA HILL | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.         /s/ CARSHALA TEREESE YOUSE

(Plaintiff's/Attorney's Signature)

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on .

(Date)

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in County,

(Name of Person Served)            (Name of County)

Alabama on .

(Date)

| | | (Address of Server) |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

ELECTRONICALLY FILED
10/27/2022 10:33 AM
04-CV-2022-900143.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
DEBRA HILL, CLERK

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| KAREEM HOWARD and LAMESA HOWARD, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: CV 2022-900143 |
| | ) | |
| BOMBARDIER RECREATIONAL PRODUCTS and HOMEWOOD MOTORCYCLES, INC. d/b/a BIG #1 MOTORSPORTS, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT HOMEWOOD MOTORCYCLES, INC.'S
## ANSWER TO COMPLAINT

COMES NOW the Defendant, Homewood Motorcycles, Inc. d/b/a Big #1 Motorsports ("Big # 1"), and submits the following as its Answer to the Complaint:

## ANSWERS TO SPECIFIC AVERMENTS

1. Upon information and belief, admitted.

2. Big # 1 is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint.

3. Denied. The manufacturer of the subject Can-Am Spyder is Bombardier Recreational Products Inc., headquartered in Valcourt, Quebec.

4. Big # 1 admits that it is an Alabama corporation located in Homewood/Birmingham, Jefferson County, Alabama and that it does business in the State of Alabama. The remaining averments of this paragraph are denied.

5.      No response to this jurisdictional averment is required.  However to the extent this paragraph
contains specific allegations against Big # 1, it is denied.

6.      It is admitted that Plaintiff Kareem Howard purchased the subject vehicle from Big # 1 on
September 12, 2020, and that it was designed and manufactured by Bombardier Recreational
Products Inc.  The remaining averments of this paragraph are denied.

7.      Big # 1 lacks sufficient information to admit or deny this averment, therefore, said averment
is denied.

8.      Big # 1 lacks sufficient information to admit or deny this averment, therefore, said averment
is denied.

9.      Big # 1 adopts paragraphs 1 through 8 above as if more fully set forth herein.

10.     Big # 1 avers that it did not design or manufacture the subject vehicle and that it is an
innocent seller, as set forth in *Alabama Code* § 6-5-521.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Big # 1 adopts paragraphs 1 through 13 above as if more fully set forth herein.

15.     Big # 1 avers that it did not design or manufacture the subject vehicle and that it is an
innocent seller, as set forth in *Alabama Code* § 6-5-521.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Big # 1 adopts paragraphs 1 through 18 above as if more fully set forth herein.

20.     Big # 1 averts that its employees were, at all times material hereto, properly and adequately hired, trained and/or supervised to perform their job duties.  To the extent this paragraph avers otherwise, said allegations are denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Big # 1 adopts paragraphs 1 through 23 above as if more fully set forth herein.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Big # 1 adopts paragraphs 1 through 27 above as if more fully set forth herein.

29.     Big # 1 avers that it did not design or manufacture the subject vehicle, that it is not a supplier and/or distributor, and that it is an innocent seller, as set forth in *Alabama Code* § 6-5-521.

30.     Big # 1 avers that it did not design or manufacture the subject vehicle and that it is an innocent seller, as set forth in *Alabama Code* § 6-5-521.  To the extent this paragraph contains specific allegations against Big # 1, said allegations are denied.

31.     Big # 1 lacks sufficient information to admit or deny this averment, therefore, said averment is denied.

32.     Big # 1 avers that it did not design or manufacture the subject vehicle and that it is an innocent seller, as set forth in *Alabama Code* § 6-5-521.  The remaining averments of this paragraph are denied.

33.     Big # 1 adopts paragraphs 1 through 32 above as if more fully set forth herein.

3

34.   Big # 1 avers that it did not design or manufacture the subject vehicle and that it is an innocent seller, as set forth in *Alabama Code* § 6-5-521.

35.   Big # 1 avers that it did not design or manufacture the subject vehicle and that it is an innocent seller, as set forth in *Alabama Code* § 6-5-521.  The remaining averments of this paragraph are denied.

36.   Denied.

37.   Big # 1 avers that it did not design or manufacture the subject vehicle and that it is an innocent seller, as set forth in *Alabama Code* § 6-5-521.  The remaining averments of this paragraph are denied.

38.   Big # 1 adopts paragraphs 1 through 37 above as if more fully set forth herein.

39.   Big # 1 avers that it did not design or manufacture the subject vehicle and that it is an innocent seller, as set forth in *Alabama Code* § 6-5-521.  Big # 1 admits that it sold the subject vehicle to Plaintiff Kareem Howard on September 12, 2020.

40.   Big # 1 avers that it is an innocent seller, as set forth in *Alabama Code* § 6-5-521.  Big # 1 admits that it sold the subject vehicle to Plaintiff Kareem Howard on September 12, 2020.

41.   Denied.

42.   Big # 1 avers that it did not design or manufacture the subject vehicle and that it is an innocent seller, as set forth in *Alabama Code* § 6-5-521.  The remaining averments of this paragraph are denied.

## AFFIRMATIVE AND OTHER DEFENSES

1.   This action should be dismissed or stayed as to Big # 1 and the Plaintiffs should be ordered to resolve their disputes against Big # 1 by arbitration.

4

2.      Big # 1 avers that it is an innocent seller and is due to be dismissed from this action, as set forth in *Alabama Code* § 6-5-521.  See attached Affidavit of William J. Belmont III.

3.      Pursuant to *Alabama Code* § 6-5-521(d), Big # 1 should be dismissed because the manufacturer of the product has been identified.

4.      Big # 1 avers that the Complaint and each count therein contained, separately and severally, fail to state a claim against Big # 1 upon which relief can be granted.

5.      Big # 1 denies the material averments of the Complaint and demands strict proof thereof.

6.      Big # 1, to the extent applicable, pleads contributory negligence, last clear chance and assumption of risk.

7.      Big # 1 denies that it was negligent, willful or wanton, or that it breached any warranty owed to the Plaintiffs.

8.      Big # 1 avers that it committed no act constituting wanton or wilful or reckless conduct.

9.      Big # 1 avers that it breached no duty owed to the Plaintiffs.

10.     Big # 1 pleads lack of proximate cause.

11.     Big # 1 denies that it extended warranties of any kind, including implied warranties, and the Plaintiffs have no basis to recover under any such alleged warranties.

12.     Big # 1 avers that it did not breach any warranty, implied or otherwise, allegedly owed to the Plaintiffs.

13.     No conduct of Big # 1 was the proximate cause of or had any causal connection with the injuries and damages alleged.

14.     The Plaintiffs have not been damaged as alleged or to the extent alleged.

15.     The Plaintiffs have not been damaged by acts or omissions of Big # 1.

16.    Big # 1 avers that the Plaintiffs were not injured or damaged by any acts or conduct of Big
       # 1, or by anyone acting within the line and scope of their employment with Big # 1.

17.    To the extent applicable, Big # 1 avers that the Plaintiffs have failed to mitigate their injuries
       and damages.

18.    Big # 1 denies that it is guilty of any conduct which warrants the issue of punitive damages
       being submitted to any fact finder.

19.    Any award of punitive damages to the Plaintiffs in this case would be in violation of the
       constitutional safeguards provided to Defendants under the Constitution of the State of
       Alabama.

20.    Any award of punitive damages to the Plaintiffs in this case would be in violation of the
       constitutional safeguards provided to Defendants under the Constitution of the United States
       of America.

21.     No punitive damages are warranted or allowable that would exceed comparable maximums
       established for criminal fines for similar alleged conduct.

22.    Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards
       for awarding punitive damages.

23.    Any claim for punitive damages, on its face and/or applied in this case, is in violation of the
       Fifth Amendment of the Constitution of the United States; of the right to counsel provided
       by the Sixth Amendment of the Constitution of the United States; of the right to trial by a
       jury of the Seventh Amendment of the Constitution of the United States; of the
       proportionality principles contained in the Eighth Amendment of the Constitution of the
       United States; the due process clause in the Fourteenth Amendment of the Constitution of

6

the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

a.      There are no standards provided by Alabama law for the imposition of punitive damages, and therefore, Big # 1 has not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of the award and to modify or confirm its conduct accordingly;

b.      The procedures to be followed would permit an award of punitive damages against Big # 1 upon the satisfaction of a burden of persuasion (burden of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

c.      The procedures to be followed could permit the award of multiple punitive damages for the same act or omission;

d.      There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Big # 1 under present Alabama law;

e.      The standards of conduct upon which punitive damages are sought against Big # 1 are vague and ambiguous;

f.      Present Alabama procedures fail to provide a constitutionally reasonable limit on the amount of any punitive damage award against Big # 1;

g.      Present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceeding during which liability is determined;

7

h.     An award of punitive damages would compensate Plaintiffs for elements of damage not otherwise recognized by Alabama law.

24.   Plaintiffs' claims for the recovery of punitive damages are barred or limited by Alabama Code Section 6-11-20, and 21 et.seq.

25.   Plaintiffs' claims for the recovery of punitive damages are barred by Alabama Code Section 6-11-27 (1993).

26.   Plaintiffs' claims for the recovery of punitive damages are in contravention of Big # 1's rights under each of the following constitutional provisions:

a.     Article I, Section 8 of the United States Constitution, as an impermissible burden on interstate commerce;

b.     The Contracts Clause of Article I, Section 10 of the United States Constitution;

c.     The Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution;

d.     The Equal Protection under the laws afforded by the Fourteenth Amendment to the United States Constitution;

e.     The constitutional prohibition against vague and overly broad laws;

f.     The prohibition against ex post facto law in Article I, Section 22 of the Alabama Constitution;

g.     The Contracts Clause of Article 1, Section 22 of the Constitution of Alabama; and

h.     The Due Process Clause of Article 1 Section 6 and/or 13 of the Constitution of Alabama.

27.     An award of punitive damages in the circumstances of this case would clearly be violative of Big # 1's due process rights as embraced by the Fifth and Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law for the following reasons as separately stated herein:

    a.    There is no rational relationship between punitive damage awards in Alabama and the wrongfulness of defendants conduct and/or the compensatory damages awarded.

    b.    No rational relationship exists between the extent of punitive damage and legitimate interests to be advanced by the State of Alabama.

    c.    An award of punitive damages in this case would be penal in nature and thus, would be violative of Big # 1's constitutional rights under the United States Constitution and/or the Alabama Constitution unless Big # 1 is granted the procedural safeguards afforded criminal defendants including but not limited to constitutional safeguards against self-incrimination and a heightened standard of proof beyond a reasonable doubt.

    d.    The award of punitive damages on the basis of vicarious liability of the conduct of others violates Big # 1's constitutional rights.

28.    The imposition of punitive damages in this case would be in denial of Big # 1's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, 6 and 22 of the Alabama Constitution. Specifically, defendant is treated differently from criminal defendants which are charged for similar or

identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

29.     The imposition of punitive damages in this case would violate Big # 1's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

30.     With respect to Plaintiffs' demand for punitive damages, Big # 1 specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of BMW of No. America v. Gore, 116 U.S. 1589 (1996).

31.     To the extent that the Plaintiffs' demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against Big # 1, this award contravenes Big # 1's right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such award would infringe upon Big # 1's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

32.     The procedures pursuant to which punitive damages are awarded subject Big # 1 to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 1 and 6 of the Alabama Constitution.

33.   The procedures pursuant to which punitive damages are awarded expose Big # 1 to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by its conduct, creating a chilling effect on Big # 1's exercise of its right to a judicial resolution of this dispute.

34.   Big # 1 is entitled to a setoff for all sums of money recovered from any collateral sources, or recovered by or on behalf of the Plaintiffs by way of any settlement, judgment or otherwise which were entered into or received by the Plaintiffs from any party or non-party in this action.

35.   Alabama Code Section 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that it exceeds the amount of $500,000.00, which the Alabama Legislature has established as the outer limit of reasonableness for awards of punitive damages as a matter of public policy in this state. The Alabama Supreme Court acted beyond its scope of authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect. Allowing an award in excess of this legislative cap directly contravenes the express public policy of the State of Alabama. The doctrine of revival provides that, once the Alabama Supreme Court overrules their prior opinion finding Section 6-1 1-21 unconstitutional, the $500,000.00 cap on punitive damages will be applicable to this case.

36.   6-11-21 pleads all other damage caps imposed by the statutes or case law of Alabama.

37.   Big # 1 reserves the right to amend this answer and add additional affirmative defenses that may be appropriate after further investigation, discovery and evaluation.

11

Respectfully Submitted,

/s/ Cassandra H. Kalupa

_____
Cassandra Harris Kalupa (HAR276)

OF COUNSEL:
INGRAM, KALUPA & BUTLER, P.C.
203 Kenimer Avenue, Suite 100
Trussville, Alabama 35173
Telephone:      (205) 870-0663
Facsimile:       (205) 870-0681
E-mail:           sandy@ikblawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2022, I electronically filed the above and foregoing with the Clerk of Court, which provides electronic notice to all parties and counsel of record.

/s/ Cassandra H. Kalupa

12

ELECTRONICALLY FILED
10/27/2022 10:33 AM
04-CV-2022-900143.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
DEBRA HILL, CLERK

## IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

KAREEM HOWARD and LAMESA HOWARD,  )
)
    Plaintiffs,  )
)
v.  )    CIVIL ACTION NO.: CV 2022-900143
)
BOMBARDIER RECREATIONAL  )
PRODUCTS and HOMEWOOD  )
MOTORCYCLES, INC. d/b/a  )
BIG # 1 MOTORSPORTS,  )
)
    Defendants.  )

## AFFIDAVIT OF WILLIAM JOSEPH BELMONT III

STATE OF ALABAMA    )
)
COUNTY OF JEFFERSON    )

Before me, a notary public in and for said County and State, personally appeared William Joseph Belmont III who, after being duly sworn, states as follows:

1. My name is William Joseph Belmont III. I am over twenty-one (21) years of age and fully competent to testify to the matters stated in this Affidavit. I have continuously been employed by Homewood Motorcycles, Inc. d/b/a Big # 1 Motorsports ("Big # 1") since 1995. I am currently employed as CEO.

2. On or about September 15, 2022, a Complaint was filed in the Circuit Court of Autauga County, Alabama, against Big # 1 and "Bombardier Recreational Products". I have read the Complaint and reviewed Big # 1's business records regarding the subject 2021 Can-Am Spyder RT LTD ("subject vehicle"), VIN 2BXNBDD42MV000590.

1

3. The subject vehicle was manufactured by Bombardier Recreational Products Inc. ("BRP"), headquartered in Valcourt, Quebec.

4. Paragraph 6 of the Complaint avers that the subject vehicle "had a defect in its design." Paragraphs 11 and 16 of the Complaint alleges Big # 1 was negligent and/or wanton by "...improperly designing and manufacturing the vehicle subject to this complaint and allowing such to be sold to the Plaintiffs...". The Complaint also asserts claims for products liability, breach of implied warranty of fitness for a particular purpose and breach of implied warranty of merchantability, all related to the "design/manufacture" and sale of the subject vehicle

5. Big # 1 is an authorized dealer of BRP vehicles/cycles, etc. Contrary to the allegations in the Complaint, Big # 1 does not currently, nor has it ever, had any role in the design, manufacture, testing, assembly, warnings, or distribution of any BRP vehicle, including the subject vehicle.

6. The subject vehicle was delivered by BRP to Sloan's Sales & Service, Inc. d/b/a Sloan's Motorcycle & ATV, in Murfreesboro, Tennessee, on or around July 24, 2020. Big # 1 received delivery of the subject vehicle, as a dealer transfer, from Sloan's on September 10, 2020. On September 11, 2020, Big # 1 inspected the subject vehicle to ensure it had not been damaged in transit, to check the vehicle's fluid levels, and to ensure that the vehicle's operational systems were functioning properly.

7. On September 12, 2020, Kareem A. Howard purchased the subject vehicle from Big # 1.

8. After September 12, 2020, Big # 1 did not have any further involvement with the subject vehicle.

9. At no time did Big # 1 alter, repair, or perform maintenance on the subject vehicle.

Dated this the _25_ day of October, 2022.

_____
WILLIAM JOSEPH BELMONT III

I, William Joseph Belmont III, being first duly sworn, deposes and states that he has read this instrument and knows the contents thereof; that the same is true to the best of his knowledge and belief.

Sworn to and subscribed before me this _25_ day of October, 2022.

_____
NOTARY PUBLIC
Commission Expires: _3|11|26_

3

ELECTRONICALLY FILED
1/27/2023 1:55 PM
04-CV-2022-900143.00
CIRCUIT COURT OF
AUTAUGA COUNTY, ALABAMA
DEBRA HILL, CLERK

KAREEM HOWARD; LAMESA    \*     IN THE CIRCUIT COURT OF
HOWARD,    \*

     \*    AUTAUGA COUNTY, ALABAMA

     Plaintiffs,    \*

     \*    CASE NO. CV-2022-900143.00

Vs.    \*

     \*

BOMBARDIER RECREATIONAL    \*
PRODUCTS; HOMEWOOD    \*
MOTORCYCLES, INC., d/b/a    \*
BIG #1 MOTORSPORTS;    \*

     \*

     Defendants.    \*

## NOTICE OF SERVICE OF DEFENDANT BOMBARDIER RECREATIONAL PRODUCTS

**COME NOW** the Plaintiffs, by and through their undersigned counsel, and hereby file this Notice of Service of the Complaint:

1. Plaintiffs filed their Complaint against Defendant Bombardier Recreational Products on September 15, 2022.

2. The Summons and Complaint were served on Defendant Bombardier Recreational Products, via certified mail. The return on service was received by the undersigned on January 19, 2023. (*See* Exhibit A, Return on Service).

**RESPECTFULLY** submitted this the 27th day of January, 2023.

By:   */s/ Carshala Youse*
     **CARSHALA YOUSE** (YOU059)
     Attorney for Plaintiffs

     *//s// Rob Riddle*
     **ROB RIDDLE** (RID010)
     Attorney for Plaintiffs

OF COUNSEL:
**HAWTHORNE | ATCHISON | RIDDLE**
400 South Union Street, Suite 395
Montgomery, Alabama 36104
334.676.3696 (p)

334.676.3697 (f)
Carshala@HARlegal.com
Rob@HARlegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have served a copy of the foregoing document on the attorney(s) of record and/or Defendant(s) by filing an electronic copy of said document with the Madison County Clerk of Court via the electronic AlaFile System on January 27, 2023, or, if applicable, by placing same in the United States Mail, postage prepaid and properly addressed to the following:

Cassandra H. Kalupa
Ingram, Kalupa & Butler, P.C.
203 Kenimer Ave., Suite 100
Trussville, Alabama 35173

Bombardier Recreational Products
210 North University Drive
Suite 501
Coral Springs, Florida 33071

*//s// Carshala Youse*
OF COUNSEL

*//s// Rob Riddle*
OF COUNSEL

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bombardier Recreational Products
726, rue Saint-Joseph
Valcourt, Quebec JOE 2LO
Canada

9590 9402 7907 2234 7007 19

2. Article Number (Transfer from service label)

7022 1670 0001 6752 2033

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Victory B.*   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

VICTORY BERGERON  3-1-2023

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery





AlaFile E-Notice

04-CV-2022-900143.00

To:  CARSHALA TEREESE YOUSE
     carshala@HARLegal.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

KAREEM HOWARD ET AL V. HOMEWOOD MOTORCYCLES, INC. ET AL
04-CV-2022-900143.00

The following RETURN ON SERVICE - SERVED was FILED on 1/27/2023 1:55:39 PM

Notice Date:     1/27/2023 1:55:39 PM

DEBRA HILL
CIRCUIT COURT CLERK
AUTAUGA COUNTY, ALABAMA
134 N. COURT ST.
PRATTVILLE, AL, 36067

334-358-6800
debra.hill@alacourt.gov



AlaFile E-Notice

04-CV-2022-900143.00

To: BOMBARDIER RECREATIONAL PRODUCTS (PRO SE)
210 N UNIVERSITY DRIVE
STE. 501
CORAL SPRINGS, FL, 33071-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

KAREEM HOWARD ET AL V. HOMEWOOD MOTORCYCLES, INC. ET AL
04-CV-2022-900143.00

The following RETURN ON SERVICE - SERVED was FILED on 1/27/2023 1:55:39 PM

Notice Date:     1/27/2023 1:55:39 PM

DEBRA HILL
CIRCUIT COURT CLERK
AUTAUGA COUNTY, ALABAMA
134 N. COURT ST.
PRATTVILLE, AL, 36067

334-358-6800
debra.hill@alacourt.gov



AlaFile E-Notice

04-CV-2022-900143.00

To:  RIDDLE ROBERT EDWIN
rob@riddlelawllc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

KAREEM HOWARD ET AL V. HOMEWOOD MOTORCYCLES, INC. ET AL
04-CV-2022-900143.00

The following RETURN ON SERVICE - SERVED was FILED on 1/27/2023 1:55:39 PM

Notice Date:     1/27/2023 1:55:39 PM

DEBRA HILL
CIRCUIT COURT CLERK
AUTAUGA COUNTY, ALABAMA
134 N. COURT ST.
PRATTVILLE, AL, 36067

334-358-6800
debra.hill@alacourt.gov



AlaFile E-Notice

04-CV-2022-900143.00

To:  KALUPA CASSANDRA HARRIS
     sandy@ikblawyers.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

KAREEM HOWARD ET AL V. HOMEWOOD MOTORCYCLES, INC. ET AL
04-CV-2022-900143.00

The following RETURN ON SERVICE - SERVED was FILED on 1/27/2023 1:55:39 PM

Notice Date:      1/27/2023 1:55:39 PM

DEBRA HILL
CIRCUIT COURT CLERK
AUTAUGA COUNTY, ALABAMA
134 N. COURT ST.
PRATTVILLE, AL, 36067

334-358-6800
debra.hill@alacourt.gov



AlaFile E-Notice

04-CV-2022-900143.00

To:  CARSHALA TEREESE YOUSE
     carshala@HARLegal.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF AUTAUGA COUNTY, ALABAMA

KAREEM HOWARD ET AL V. HOMEWOOD MOTORCYCLES, INC. ET AL
04-CV-2022-900143.00

The following RETURN ON SERVICE - SERVED was FILED on 1/27/2023 1:55:39 PM

Notice Date:     1/27/2023 1:55:39 PM

DEBRA HILL
CIRCUIT COURT CLERK
AUTAUGA COUNTY, ALABAMA
134 N. COURT ST.
PRATTVILLE, AL, 36067

334-358-6800
debra.hill@alacourt.gov